IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Cr. No.: **14-CR-20153** |
| ) | |
| ANDREW M. MANGUAL, ) | |
| ) | |
| Defendant. ) | |

FILED IN OPEN COURT
DATE: 10/21/14
TIME: 10:10 AM
INITIALS: JPW

## PLEA AGREEMENT

1. I, Andrew M. Mangual, have been charged with one felony count in the above-referenced criminal indictment. I have been charged with violation of Title 49, United States Code, Section 46504 (Interference with flight crew members). The maximum penalty for a violation of Section 46504, as charged, is a fine of $250,000, NMT 20 years imprisonment, plus a period of supervised release for NMT three years. There is a $100 special assessment for each felony count of conviction. Additional fees may be imposed to pay for incarceration or supervised release.

2. The following constitutes the Plea Agreement reached between the United States, represented by Edward L. Stanton III, United States Attorney for the Western District of Tennessee, and Frederick H. Godwin, Assistant United States Attorney, and myself, Andrew M. Mangual, represented by Unam Peter Oh, my defense counsel.

3. My attorney, Unam Peter Oh, has informed me of the maximum possible penalties, the nature of these criminal charges and the elements of the charge, which must be proved by the Government beyond a reasonable doubt before I could be found guilty as charged.

4. By voluntarily pleading guilty, I knowingly waive and give up my constitutional right to plead not guilty, to compel the Government to prove my guilt beyond a reasonable doubt, to not be compelled to incriminate myself, to confront and cross-examine the witnesses against me, to have a jury or judge determine my guilt on the evidence presented, and other constitutional rights which apply to a defendant on trial in a criminal case.

5. I am pleading guilty to the charge(s) described herein because I am guilty and because it is in my best interest to do so, and not because of any threats or promises. There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be. I understand that the matter of sentencing is within the sole discretion of the Court. I have discussed sentencing with my attorney.

**I understand the plea agreement in this case to be as follows:**

6. I will enter a plea of guilty to Count One of the above-referenced indictment, charging me with the felony violation(s) listed above.

7. Counsel for both the United States and the defendant agree that USSG Section 2A5.2(a)(4) is appropriate guideline to apply in this case, given that the facts involved intimidation, not

assault, and did not endanger the safety of the aircraft or those on board. This results in a base offense level of 9. Consequently, both the United States and counsel for the defendant will recommend a sentence of time served at the time of sentencing.

8. I understand that, given the facts in the possession of the United States at the time of the writing of this agreement, the United States does not oppose my receiving full acceptance of responsibility credit pursuant to U.S.S.G. Section 3E1.1. I understand that if the United States receives information between the signing of this agreement and the time of the sentencing that I have previously engaged in, or if I engage in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, this position could change. Further, I understand that whether or not acceptance of responsibility credit pursuant to Section 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit is not a basis for me to withdraw my guilty plea.

9. I understand that any statement made in the course of the plea colloquy may be used against me in any criminal prosecution. I knowingly, intelligently and voluntarily waive any objection based on Rule 410 of the Federal Rules of Evidence.

10. I understand that Title 18, United States Code, Section 3742 gives me the right to appeal the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as my sentence is within the statutory maximum specified above. This waiver is made in exchange for the concessions made by the United States in this Plea Agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

11. I understand that Title 28, United States Code, Section 2255 provides an additional method by which to challenge the sentence imposed by the Court. Acknowledging this, I knowingly and voluntarily waive my rights to file an action pursuant to Section 2255. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct or ineffective assistance of counsel.

12. I understand that persons convicted of crimes are required to pay a mandatory assessment of $100 per felony count of conviction. I agree that payment of this assessment, in full, is a condition of this agreement and that such payment is due at the time of my sentencing.

13. I understand that this agreement does not apply to any crimes that I may have committed (other than those specifically set forth herein), or that I may commit hereafter, including perjury.

14. I understand that the Government will be free to fully describe the nature of each offense charged and the evidence in this case.

15. I willingly stipulate that there is a sufficient factual basis to support each and every essential element of each offense set forth in the above-referenced Information to which I am pleading guilty.

16. I understand that a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the preparer of the presentence report, which the Court may adopt or take into consideration.

17. Should it be judged by the Government that I have committed or attempted to commit any additional crimes or have engaged in any conduct constituting obstruction of or impeding justice within the meaning of United States Sentencing Guidelines Section 3C1.1 from the date of my signing this plea agreement to the date of my sentencing, or if I attempt to withdraw my plea, I understand the Government will be released from its obligations and would become free to argue for any sentence within the statutory limits. I further understand that such a breach by me would not release me from the plea of guilty.

18. I understand that this agreement is limited to the United States Attorney's Office for the Western District of Tennessee and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement does not apply to any forfeiture proceedings, judicial, administrative, or otherwise, and shall not preclude any past, present, or future forfeiture actions.

19. I understand that this Plea Agreement constitutes the entire agreement between me and the United States. I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, in exchange for my plea of guilty. I understand that my attorney will have the opportunity to speak on my behalf and I will also have an opportunity to personally address the Court and present any information to mitigate my sentence prior to sentence being imposed.

20. I have read or have had the forgoing Plea Agreement read to me in a language I understand and have discussed the terms of this Plea Agreement with my attorney, Unam Peter Oh, and am satisfied with my said attorney's advice and counsel. Being aware of all of the possible consequences of my plea, I have independently decided to enter this plea of my own free will, and am affirming that agreement on the date and by my signature below.

_10-21-14_
Date Signed

_Andrew M. Mangual_
Andrew M. Mangual
Defendant

_/o/ 21/14_
Date Signed

_[signature]_
Unam Peter Oh
Attorney for Defendant

_10/21/14_
Date Signed

_Frederick H. Godwin_
Frederick H. Godwin
Assistant United States Attorney

3